**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0555n.06
Filed: September 10, 2008

**No. 07-5561**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DEON T. SIMS, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MOORE, COOK, Circuit Judges; and HOOD, District Judge.[*]

COOK, Circuit Judge. A jury convicted Deon T. Sims of aiding and abetting the distribution of five or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. The district court classified Sims as a career offender under § 4B1.1 of the Sentencing Guidelines and sentenced him to the minimum 262 months imprisonment. Sims appeals his conviction and sentence, contesting the sufficiency of the evidence and his classification as a career offender. We affirm.

I

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

This case concerns a Chattanooga drug transaction. On November 29, 2005, Jeffery T. Woods arranged to meet a second-time crack customer. During his first crack transaction with the customer six days earlier, Woods acted alone. But on November 29, Woods had Deon T. Sims as his driver. Sims and Woods did not know it, but they were not the only ones working together; the customer was actually a confidential informant cooperating with the Hamilton County Sheriff Department. A detective in that department, Andy Browne, watched as Sims drove with Woods. Browne recognized Sims, having seen him with Woods on several occasions. When Sims pulled alongside the informant, Woods handed crack cocaine through the car window, receiving cash in exchange. The sale lasted fifteen to twenty seconds and included little conversation. Sims then drove away with Woods. Ten to fifteen minutes later, Woods and Sims were sitting on the front porch of Woods's home. During the next week, Woods sold the informant cocaine two more times, acting alone each time.

On December 6, 2005, police arrested Woods and Sims together. In his pocket, Sims had 2.3 grams of crack cocaine broken into smaller pieces. Police searched Woods's home, discovering powder and crack cocaine, scales, and $14,000 in cash. Woods's wall was decorated with a *Scarface* movie poster that depicted the fictional drug lord Tony Montana sitting behind piles of cocaine.

A federal grand jury indicted Woods and Sims. Woods pleaded guilty, but Sims opted for trial on three counts: conspiracy to distribute crack cocaine, aiding and abetting the distribution of crack cocaine, and possession of crack cocaine with the intent to distribute. Browne and an expert

testified for the government. At the close of the government's case, the district court denied Sims's motion for a judgment of acquittal. Sims rested without presenting any evidence.

The jury acquitted Sims of the conspiracy charge but convicted him of aiding and abetting. On the possession with intent to distribute charge, the jury convicted Sims of the lesser-included offense of simple possession. After the trial, the district court denied Sims's motion for a new trial and sentenced him as a career offender. Sims appealed.

II

Sims first challenges the district court's denial of his motion for a new trial based on insufficient evidence to support the aiding and abetting conviction. To convict Sims, the government must prove beyond a reasonable doubt that Woods committed the principal offense and that Sims participated in Woods's offense "as something he wished to bring about and sought to make succeed." *United States v. Salgado*, 250 F.3d 438, 447 (6th Cir. 2001).

We review de novo a district court's sufficiency determination. *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002). Viewing the evidence in the light most favorable to the government, we review the record as a whole and give the government "the benefit of all reasonable inferences." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006). So long as "*any* rational trier of fact could have found the essential element of the crime beyond a reasonable doubt," we uphold the determination. *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal

quotations omitted). Under this standard of review, Sims faces "a very heavy burden," which he fails to carry here. *See United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

To undermine the jury's guilty verdict, Sims relies on Browne's testimony that someone listening to Woods's transaction with the informant would not have known Woods was dealing drugs. But the transaction had a visual aspect, too. A rational juror could infer that Sims saw Woods dealing the drugs and intended to assist him as the driver, even if Sims did not hear any verbal exchange suggesting a drug sale. The government reinforced this conclusion by presenting expert testimony that a dealer would only ride with a cohort to a sale, not with an uninvolved party. *See United States v. Fortson*, 194 F.3d 730, 735 (6th Cir. 1999) (upholding conviction for aiding and abetting cocaine distribution where defendant "drove the car that transported the key players").

Sims also presses the lack of evidence showing his awareness that Woods was a drug dealer. Surveillance testimony, however, put Sims and Woods together at least "four or five times" in a two-month span, J.A. at 35, which "tends to negate the defense of innocent and unknowing participation." *Fortson*, 194 F.3d at 735. Add the feature of such frequent contact to the fact that minutes after the sale to the informant, Sims joined Woods on Woods's front porch, and a rational juror could infer that Sims had been in Woods's house—where the police found cocaine, digital scales, $14,000 in cash, and the *Scarface* poster—knew about its contents, and thus that Woods dealt drugs. Likewise, a rational juror could infer from the drugs Sims himself possessed at the time of his arrest—crack broken into market-size pieces—that Sims too dabbled in the drug business and

knew he was assisting Woods with a sale. *See id.* (circumstantial evidence alone is sufficient to sustain a conviction).

Viewed as a whole, the evidence against Sims sufficed for a rational juror to convict. We accordingly affirm the district court's judgment denying Sims's motion for a new trial.

III

Sims next contends that the district court erred in classifying him as a career offender under § 4B1.1 of the Guidelines by mischaracterizing one of his prior convictions as a "controlled substance offense." Sims argues that the conviction amounted to nothing more than simple possession. The district court, however, found that this conviction was a controlled-substance offense because it included an intent to distribute. But because Sims's brief does little more than assert that he is not a career offender, providing this panel with neither supporting reasoning, case law, nor reference to the record, we deem it waived. "[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). Although Sims does quote a portion of the Guidelines, he fails to address the relevant Tennessee statute. Even after the government filed a brief interpreting the Tennessee statute and explaining why Sims's conviction was a controlled-substance offense, Sims did not file a reply brief. Without more, Sims forfeits this argument on appeal.

IV

We affirm Sims's conviction for aiding and abetting the distribution of crack cocaine, and

we affirm the district court's order sentencing Sims as a career offender.